UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PAUL E. FRAUENHOFFER and DONNA
DYSON,

    Plaintiffs,

v.                                                        Case No. 5:12-cv-68-Oc-TJC-TBS

BANK OF AMERICA, N.A.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

Pending before the Court are Defendant's Motion to Dismiss Complaint (Doc. 4) and Plaintiffs' response thereto (Doc. 5). On June 15 2012, the district judge referred the motion to the undersigned for a report and recommendation. (Doc. 11). The Court has considered the pleadings and upon its own motion respectfully recommends that this case be dismissed for lack of subject matter jurisdiction.

### I. Background

On December 22, 2011, Paul E. Frauenhoffer and his wife, Donna Dyson, filed an action in state court against Bank of America, N.A. for improper handling of their mortgage escrow account. (Doc. 2). The case was removed to federal court on February 3, 2012. (Doc. 1). Plaintiffs' allegations are grounded in the following claims: (1) breach of contract (a mortgage), (2) breach of the Fair Credit Reporting Act ("FCRA"), (3) civil theft, (4) conversion, and (5) breach of fiduciary duty. Defendant has

---

[1] Specific written objections may be filed in accordance with 28 U.S.C. § 636, and M.D. FLA. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

moved to dismiss the complaint on the ground that "each count fails to state a cause of action." (Doc. 4).

II. Discussion

Under Federal Rule of Civil Procedure 12(b)(1), an action must be dismissed if the Court lacks subject matter jurisdiction. See Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998). Federal district courts are courts of limited jurisdiction. Parties seeking to invoke that jurisdiction over a cause of action must show that the underlying claim is based upon either diversity jurisdiction[2] or the existence of a federal question (i.e "a civil action arising under the Constitution, laws, or treaties of the United States"). See 28 U.S.C. §§ 1331-1332. A federal district court "has the obligation to review sua sponte whether it has subject matter jurisdiction" and if jurisdiction is found to be lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case. Fla. Wildlife Fed'n., Inc. v. S. Fla. Water Mgmt. Dist., 647 F.3d 1296, 1302 (11th Cir. 2011).

Although Plaintiffs generally oppose the Defendant's motion to dismiss, they concede that Count II is improperly plead, and have voluntarily dismissed their FCRA claim. (Doc. 5 at 6). This leaves only Plaintiffs' state-law based claims pending and thus, the parties are unable to invoke this court's federal question jurisdiction.[3] In addition, the amount of Plaintiff's alleged damages is $14,674.05 (Doc. 2 ¶ 38), which is insufficient to meet the diversity threshold.

---

[2]Federal diversity subject matter jurisdiction exists where the matter in controversy (1) exceeds the sum or value of $75,000.00 exclusive of interest and costs and (2) is between citizens of different states. See 28 U.S.C. § 1332(a).

[3]Plaintiffs base their breach of contract claim (Count I), in part, on Defendant's alleged failure to comply with the terms of the mortgage, which allegedly required the bank to comply with RESPA. See (Doc. 2 ¶¶ 22-26). Plaintiffs do not allege a separate cause of action based on this federal statute.

Upon due consideration, the undersigned respectfully recommends that this case be dismissed for lack of subject matter jurisdiction.

RESPECTFULLY RECOMMENDED in Ocala, Florida, on June 18, 2012.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

The Honorable Timothy J. Corrigan
United States District Judge

All Counsel of Record